UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| LAMESHA TURNER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:22-cv-02254 (UNA) |
| | ) |
| | ) |
| STEPHANIE SHERMAN, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION**

Currently before the court is plaintiff's *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2. For the reasons explained herein, the court will grant plaintiff's IFP application and dismiss this matter without prejudice.

Plaintiff, a resident of Dallas, Texas, sues the Dallas Police Department, the Texas Drug Abatement Response Team, as well as Smith County, Texas, one of its employees, Stephanie Sherman, and the Deputy Superintendent of a school district in Texas. The complaint is far from a model in clarity. Plaintiff seemingly alleges that she was falsely arrested at a school—an arrest that she believes was caused by a conspiracy against her arising from a separate ongoing criminal investigation involving her grandfather. Plaintiff also alleges that defendant Sherman failed to fully pursue an investigation regarding an assault that she suffered. She alleges that defendants' actions violated the Texas Penal Code and Texas Code of Professional Conduct and are indicative of a "cover up" and "judicial misconduct." The complaint is devoid of any other colorable facts to establish a cognizable claim, nor is the court able to discern what these events, or the defendants, have to do with one another, if anything. Plaintiff also attaches a hodgepodge of approximately 67 pages of exhibits, but she fails to explain the relevance of any of them. *See* LCvR 5.1(e) ("No

complaint . . . shall have appended thereto any document that is not essential to determination of the action.").

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Preliminarily, plaintiff does not provide the addresses or contact information for any of the defendants, in contravention of D.C. LCvR 5.1(c)(1). Moreover, Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8. *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom*. *Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The complaint falls within this category.

As presented, neither the court nor defendants can reasonably be expected to identify plaintiff's claims, and the complaint also fails to set forth allegations with respect to this Court's jurisdiction over plaintiff's entitlement to relief, if any. Any connection between the intended claims and this District is entirely unclear, as is the ability of this court to exercise venue, *see* 28

U.S.C. § 1391(b); *see also* 28 U.S.C. § 1406(a), or personal jurisdiction over defendants, *see International Shoe Co. v Washington*, 326 U.S. 310, 136 (1945).

      For all of these reasons, this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

DATE: October 11, 2022

                                                                       _____ s/s_____
                                                                   COLLEEN KOLLAR-KOTELLY
                                                                   United States District Judge